UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JERRY BRYAN, )
)
    *Petitioner*, )
) Nos.: 1:06-cr-071-HSM-SKL-4
v. ) 1:11-cv-168-HSM-SKL
)
UNITED STATES OF AMERICA, )
)
    *Respondent*. )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jerry Bryan. ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. For the reasons stated below, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.     **Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**II.    Factual Background**

Petitioner was found guilty by a jury of one count of conspiracy to distribute and possess with the intent to distribute five hundred grams or more of methamphetamine, three counts of distribution of methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking offense. By judgment entered November 21, 2008, he was sentenced to concurrent terms of imprisonment of 121 months each on the drug convictions and a consecutive term of imprisonment of 60 months on the firearm conviction, for a total effective sentence of 181 months. [Doc. 323[1], Judgment]. Petitioner's convictions and sentence were affirmed on direct appeal. *United States v. Jerry Bryan*, No. 08-6415 (6th Cir. Jan. 4, 2011) [Doc. 389, Order].

In support of his § 2255 motion to vacate sentence, petitioner alleges the following: (1) his 60-month sentence on the firearm conviction is illegal and not supported by actual evidence; (2) the Court was prohibited from finding him guilty of 500 grams of meth; and (3) he received the ineffective assistance of trial and appellate counsel.

---

[1] All citations to the record refer to the docket sheet in Criminal Action No. 1:06-cr-71.

### III. Discussion

*A. Firearm Conviction and Sentence*

Petitioner alleges that the firearms found during the search of his home were used for lawful purposes and never in an illegal manner, and that the government failed to prove the firearms were used to promote a drug offense. This claim was raised and rejected on direct appeal:

> As for his conviction under 18 U.S.C. § 924(c), Bryan argues that the government failed to prove that the firearms seized from his home belonged to him or that they were used in furtherance of a drug trafficking crime. To sustain a conviction under this provision, the government must show not just that the firearm was possessed on the same premises as a drug transaction, but that it was "strategically located so that it is quickly and easily available for use." The government made that showing in this case. During the search of Bryan's residence, law enforcement agents found a loaded .38 pistol within arms reach of a bag of methamphetamine, as well as a loaded shotgun leaning against the wall in the same room. This evidence was sufficient to satisfy the nexus requirement of § 924(c).

*Id.* at 3 (quoting *Unites States v. Maye*, 582 F.3d 622, 626 (6th Cir. 2009) (internal quotation marks omitted).

Petitioner cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal absent extraordinary circumstances, which are not present here. *See, e.g., Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("It is ... well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.") (citations omitted).

To the extent petitioner alleges he has a Second Amendment right to possess the firearms in question, that claim lacks merit. In *District of Columbia v. Heller*, 554 U.S.

3

570 (2008), the Supreme Court rejected the proposition that the Second Amendment protects only the right to possess firearms in connection with militia service. Instead, the Court endorsed an individual right to possess certain weapons for self-defense in the home. *Id*. at 592. The Court thus struck down the District of Columbia's virtual ban on the possession of handguns. *Id*. at 628-36.

The Supreme Court noted, however, that "the right secured by the Second Amendment is not unlimited," *id*. at 626, and expressly stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id*. at 626-27 (footnote omitted). As the Sixth Circuit has observed, Heller did not alter the long-standing constitutionality of "congressional regulation of firearms." *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. Nov. 19, 2008).

### B. Five Hundred Grams of Meth

Petitioner alleges that he was indicted for a conspiracy involving 50 grams of methamphetamine and was found guilty by the jury of that amount, but that the trial court improperly sentenced him for a conspiracy involving 500 grams of methamphetamine. This claim is flatly contradicted in the record.

Petitioner was indicted for a conspiracy "to distribute and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance contaiing a detectable amount of methamphetamine …." [Doc. 57, Second Superseding Indictment,

4

Count One, p. 1]. The jury specifically found that the government "proved beyond a reasonable doubt" that petitioner was responsible for "500 grams or more of a mixture and substance containing methamphetamine." [Doc. 251, Verdict Form, ¶ 2, p. 1].

## C. *Assistance of Counsel*

Petitioner alleges that he received the ineffective assistance of trial and appellate counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

5

challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that his trial and appellate counsel failed to raise the defenses set forth in the preceding sections. The Court has found, however, that those alleged defenses lack merit. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). Based upon the foregoing, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

**IV. Conclusion**

Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of

6

the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    */s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE